[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16338
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 19, 2009
THOMAS K. KAHN
CLERK

_____

D. C. Docket No. 06-00188-CV-3-MCR-EMT

BARBARA ANN JOHNSON,

Plaintiff-Appellant,

versus

GORDON R. ENGLAND,
Secretary, Department of the Navy,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 19, 2009)

Before TJOFLAT, BLACK and KRAVITCH, Circuit Judges.

PER CURIAM:

Barbara Ann Johnson, an African-American female, appeals, through counsel, the entry of summary judgment in favor of her employer, Donald C. Winter, Secretary, Department of the Navy (the Navy), on her claims of failure to promote and failure to give bonus pay based on racial discrimination brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a). In her complaint, Johnson alleged that, based on her race, the Navy denied her (1) Information Technology (IT) special pay, which she eventually received 11 months after her coworkers, and (2) a promotion from a GS-9 to a GS-12 pay grade. After the Navy filed a motion for summary judgment along with a statement of undisputed facts, Johnson moved to strike the statement of facts, arguing it violated the local rules. *See* N.D. Fla. R. 56.1. The district court denied Johnson's motion to strike.

In granting the Navy's motion for summary judgment, the district court found Johnson failed to provide sufficient evidence to preclude summary judgment in the Navy's favor because her evidence did not controvert the Navy's "substantial proof" there was no racial discrimination involved in its (1) refusal to give Johnson IT pay for 11 months or (2) failure to promote Johnson.

On appeal, Johnson argues that, because the Navy violated Local Rule 56.1 by failing to file an adequate statement of undisputed facts, the district court's

granting of the Navy's motion for summary judgment should be reversed.

## I.

We review a district court's application of a local rule for an abuse of discretion, giving "great deference to a district court's interpretation of its local rules." *Reese v. Herbert*, 527 F.3d 1253, 1267 n.22 (11th Cir. 2008). Under the abuse of discretion standard, we will affirm "unless the district court has made a clear error of judgment or has applied an incorrect legal standard." *Conroy v. Abraham Chevrolet-Tampa, Inc.*, 375 F.3d 1228, 1232 (11th Cir. 2004) (quotation omitted). The Northern District of Florida's Local Rule 56.1 requires:

> Any motion for summary judgment filed pursuant to Fed. R. Civ. P. 56 . . . shall be accompanied by a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement constitutes grounds for denial of the motion.
>
> The statement shall reference the appropriate deposition, affidavit, interrogatory, admission, or other source of the relied upon material fact, by page, paragraph, number, or other detail sufficient to permit the court to readily locate and check the source.
>
> The party opposing a motion for summary judgment shall, in addition to other papers or matters permitted by the rules, file and serve a separate, short and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried, in the format set forth above.
>
> All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be filed and served by

3

the opposing party.

N.D. Fla. R. 56.1(A).

In *Reese*, the respondent to a motion for summary judgment violated a local rule, *see* N.D. Ga. R. 56.1, by not including specific citations to evidence in his response to the movant's statement of undisputed facts. *Reese*, 527 F.3d at 1267. This Court confirmed the district court was to disregard or ignore evidence relied on by the respondent, but not cited to in his response to the movant's statement of undisputed facts. *Id*. at 1267-68. The local rule involved in *Reese* contained the same requirements as the local rule in this case, namely that a respondent specifically cite to evidence that supports the respondent's version of the facts. *Compare* N.D. Fla. R. 56.1 *with* N.D. Ga. R. 56.1.

Contrary to Johnson's contention, the Navy did file a statement of facts that complied with local rule 56.1. The local rule at issue in this case does not require that a statement of facts be titled "statement of undisputed facts," but instead requires a "short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried," which references "the appropriate deposition, affidavit, interrogatory, admission, or other source of the relied upon material fact, by page, paragraph, number, or other detail sufficient to permit the court to readily locate and check the source." *See* N.D. Fla. R. 56.1.

4

The Navy's statement of facts laid out the fact surrounding Johnson's claims, specifically cited to various affidavits and documents by document, page, and paragraph number. (*See* R1-24). Thus, the district court did not abuse its discretion by denying Johnson's motion to strike the Navy's statement of facts.

## II.

Johnson next argues there was a dispute of material fact as to whether she was doing the same work as her higher paid, similarly situated, white coworkers. She contends summary judgment should have been denied because her white coworkers, who were doing the same type of work that she was, were promoted to the GS-12 pay grade, and were given IT pay.

We review a district court order granting summary judgment *de novo*, viewing all of the facts in the record in the light most favorable to the non-moving party. *Brooks v. County Comm'n of Jefferson County, Ala.*, 446 F.3d 1160, 1161-62 (11th Cir. 2006). The moving party has the burden of showing there is no genuine issue of material fact and "may not rest upon mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial." *Eberhardt v. Waters*, 901 F.2d 1578, 1580 (11th Cir. 1990) (quotation omitted); *see also* Fed. R. Civ. P. 56(c). "All evidence and reasonable factual inferences therefrom must be viewed against the party seeking summary

judgment." *Id.* Speculation or conjecture from a party cannot create a genuine issue of material fact. *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005).

We have held that a plaintiff may establish a *prima facie* case of discrimination with respect to promotions by showing that: (1) she is a member of a protected class; (2) she is qualified for and applied for the position; (3) she was rejected despite her qualifications; and (4) other equally or less qualified employees who were not members of the protected class were promoted. *Springer v. Convergys Customer Mgmt. Group, Inc.*, 509 F.3d 1344, 1348 n.2 (11th Cir. 2007); *see also McDonnell Douglas Corp. v. Green*, 93 S. Ct. 1817 (1973); *Crawford v. Carroll*, 529 F.3d 961, 975-76 (11th Cir. 2008). In order to establish a *prima facie* case of disparate treatment, a plaintiff must show that "she was a qualified member of a protected class and was subjected to an adverse employment action in contrast with similarly situated employees outside the protected class." *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1087 (11th Cir. 2004). A plaintiff must show that a possible comparator is "similarly situated in all relevant respects" and is "nearly identical to the plaintiff." *Id.* at 1091.

Here, Johnson has failed to establish a *prima facie* claim of failure to promote based on racial discrimination. *See Springer*, 509 F.3d at 1348 n.2. As an

6

African-American, Johnson is a member of a protected class. However, the record shows that Johnson was not qualified for a promotion from a GS-9 to a GS-12 pay grade because she had not spent at least 52 weeks in a GS-11 position. Although Johnson was temporarily in a GS-11 position from October 1997 until February 1998, she was not in that position for at least 52 weeks, and thus, was ineligible for a promotion from a GS-9 to a GS-12. Moreover, Johnson's GS-9 position was a "stand alone" position, which meant that in order to advance to a GS-11 position, she would have had to compete and apply for it. Because Johnson was not in a career ladder position, she was not eligible for promotions within her position. Johnson did not submit any evidence that contradicted the Navy's promotional framework or that she was not in a "stand alone" position. Accordingly, because the evidence shows that Johnson was not qualified for a promotion from a GS-9 to a GS-12 pay grade, the district court properly found that Johnson did not have a racial discrimination claim based on failure to promote.

Johnson also failed to establish a *prima facie* claim of disparate treatment because she did not show that she was paid less than a similarly situated employee or that she was denied IT pay for 11 months based on racial discrimination. First, Johnson presented no evidence that she was paid less than a similarly situated employee. The record shows that Johnson was the only employee in her type of

position. The record also shows that Johnson was in a "stand alone" position with a GS-9 pay grade. Her coworkers, however, were in career ladder positions with GS-11 or GS-12 pay grades. Because Johnson was not in the same type of position and did not have the same pay grade as her coworkers, she was not similarly situated to any of them with regards to their pay.

Second, Johnson was not similarly situated to any of her coworkers with regards to being denied IT pay for 11 months. The record showed the GS-334 IT positions were for pay grades GS-11 and GS-12, and Johnson's coworkers were all GS-11 or GS-12 pay grade employees. A group of GS-343 employees, with GS-11 and GS-12 pay grades, requested to be classified as GS-334, in order to receive an IT pay increase. Johnson, as a GS-343, with a GS-9 pay grade, was not part of that group. Johnson's personnel description was reviewed by the Human Resources Office, which classified her personnel description as GS-343 with a GS-9 pay grade. Over the next several months, staff worked with Johnson to rewrite her personnel description, so it could be classified under the 2210 series, which would then qualify her for IT pay. Only after Johnson's personnel description was rewritten to include IT principals and concepts was she minimally qualified for an IT position and thus received an IT pay increase. Because Johnson was a GS-9 and her personnel description did not originally include IT principals and concepts, she

8

was not similarly situated to the GS-11 and GS-12 employees whose tasks involved IT duties. *See Wilson*, 376 F.3d at 1091.

Moreover, the record shows the Navy did not offer retroactive IT pay to any employees, given that they were not eligible for IT pay until their personnel descriptions were classified within the 2210 series. Contrary to Johnson's argument, the fact that Donald Cook, the head of Johnson's division, had Johnson's personnel description reviewed to see if she qualified for the 2210 series did not create racial discrimination because, regardless of who first requested that Johnson's personnel description be reviewed, it did not initially qualify for the 2210 series, and likewise, for IT pay. Johnson certified that her personnel description was accurate and the Human Resources Office found that it was properly classified as a GS-343, with a GS-9 pay grade, and thus did not qualify for IT pay. Further, evidence submitted by Johnson showed that Cook disliked her, but his dislike was not based on her race. Because there were no employees who were similarly situated to Johnson and the Navy's failure to give Johnson IT pay for 11 months was not based on race, the district court properly granted summary judgment to the Navy on Johnson's failure to give her IT pay for 11 months claim.

**AFFIRMED.**

9